## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| HISENSE USA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. _____ |
| BRIGHTPLUS VENTURES LLC, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## <u>COMPLAINT FOR DECLARATORY JUDGMENT</u>

Plaintiff Hisense USA Corporation ("Hisense" or "Plaintiff") for its complaint against Defendant Brightplus Ventures LLC ("Brightplus" or "Defendant"), alleges as follows:

### NATURE OF THE ACTION

1.     Hisense brings this action seeking a declaratory judgment that Plaintiff's solid state lighting system products, including the Hisense H4, R6, U6, and ULED series televisions (for example, the 40H4030F1, 75R6E3, 50U6G, and U9G models; the "Relevant Products") (a) do not infringe any claim of United States Patent 7,690,812 ("the '812 Patent," attached hereto as Exhibit A); (b) do not infringe any claim of United States Patent 7,872,705 ("the '705 Patent," attached hereto as Exhibit B); (c) do not infringe any claim of United States Patent 8,177,382

("the '382 Patent," attached hereto as Exhibit C); (d) do not infringe any claim of United States Patent 8,294,075 ("the '075 Patent," attached hereto as Exhibit D); (e) do not infringe any claim of United States Patent 8,330,710 ("the '710 Patent," attached hereto as Exhibit E); (f) do not infringe any claim of United States Patent 8,941,331 ("the '331 Patent," attached hereto as Exhibit F); (g) do not infringe any claim of United States Patent 9,605,835 ("the '835 Patent," attached hereto as Exhibit G); (h) do not infringe any claim of United States Patent RE42,598 ("the '598 Patent," attached hereto as Exhibit H); (i) do not infringe any claim of United States Patent RE45,796 ("the '796 Patent," attached hereto as Exhibit I); and (j) Plaintiff does not and has not infringed, induced others to infringe, or contributed to the infringement by others of any claim of the '812 Patent, '705 Patent, '382 Patent, '075 Patent, '710 Patent, '331 Patent, '835 Patent, '598 Patent, and '796 Patent (collectively, "the Asserted Patents").

2.      Plaintiff seeks a declaratory judgment that Plaintiff and its customers, distributors, and end-users do not infringe and have not infringed under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the Asserted Patents and a declaratory judgment that the Relevant Products do not infringe and have not infringed under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the Asserted Patents.

3.    Plaintiff seeks this necessary relief because Brightplus, which claims to be the owner of the Asserted Patents, has contacted Hisense in writing, and in that writing, alleged infringement of at least one claim of each of the Asserted Patents. (*See* Exhibit J).

4.    In its communications with Hisense, Brightplus specifically referenced the Relevant Products and explicitly identified an allegedly infringing claim, and thereby established at least a reasonable apprehension and reasonable potential that Brightplus would file a lawsuit against Plaintiff or its customers, distributors, or end-users alleging infringement of one or more claims of each of the Asserted Patents.

5.    The strong likelihood that Brightplus will file a lawsuit is increased by Brightplus's recent lawsuits in the Eastern District of Texas, where Brightplus sued corporations within a month of sending letters referencing relevant products and claiming infringement. *See, e.g., Brightplus Ventures LLC v. TCL Electronics Holding Ltd.*, No. 2:22-CV-194, at ¶ 35 (E.D. Tex. filed June 7, 2022), ECF No. 1; *Brightplus Ventures LLC v. LG Electronics, Inc.*, No. 2:22-CV-170, at ¶ 20 (E.D. Tex. filed May 24, 2022), ECF No. 1.

6.    Brightplus's actions have thus (i) cast uncertainty over Plaintiff's businesses, products, and customers, distributors, or end-users; (ii) injured and are injuring Plaintiff's businesses and business relationships; and (iii) created a concrete

and immediate justiciable controversy between Plaintiff and Brightplus. Accordingly, Plaintiff brings this case to clear its name and to protect itself against Brightplus's meritless claims.

## PARTIES

7.    Plaintiff Hisense USA Corporation is a Georgia corporation with a principal place of business at 7310 McGinnis Ferry Road, Suwanee, GA, 30024.

8.    Brightplus Ventures LLC is a Texas limited liability company with a principal place of business at 17330 Preston Road, Suite 200D, Dallas, TX 75252.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 2201, 1331, and 1338(a) because this action arises under the patent laws, and seeks relief under the Federal Declaratory Judgment Act. 28 U.S.C. § 2201.

10.    Brightplus is subject to personal jurisdiction in the Northern District of Georgia.

11.    Brightplus recently sent a letter to Hisense, a resident of the District, pressuring Hisense to license the Asserted Patents for the production and sale of products in the District that Brightplus alleges are covered by one or more claims of each of the Asserted Patents.   Brightplus also conducted electronic and voice communications with Hisense individuals in Georgia. Upon information and belief,

4

Brightplus's only business is to license patents and thus Brightplus conducted substantial business in this District.

12.    Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## **BACKGROUND**

13.    Hisense USA Corporation is headquartered in Suwanee, GA and its mission is to improve consumers' lives by providing innovative and affordable products through the research and development of electronic products for the home.

14.    Brightplus Ventures LLC was established March 10, 2022 and is a limited liability company based in Dallas, Texas.

15.    Brightplus purports to own the '812 Patent, entitled "Apparatus and Methods for Conformable Diffuse Reflectors for Solid State Lighting Devices." The '812 Patent issued on April 6, 2010.

16.    Brightplus purports to own the '705 Patent, entitled "LED Backlight System for LCD Displays." The '705 Patent issued on January 18, 2011.

17.    Brightplus purports to own the '382 Patent, entitled "Apparatus and Methods for Multiplanar Optical Diffusers and Display Panels for Using the Same." The '382 Patent issued on May 15, 2012.

18.    Brightplus purports to own the '075 Patent, entitled "Solid State Luminaires for General Illumination." The '075 Patent issued on October 23, 2012.

19.    Brightplus purports to own the '710 Patent, entitled "Systems and Methods for Controlling a Solid State Lighting Panel." The '710 Patent issued on December 11, 2012.

20.    Brightplus purports to own the '331 Patent, entitled "Solid State Lighting Panels with Variable Voltage Boost Current Sources." The '331 Patent issued on January 27, 2015.

21.    Brightplus purports to own the '835 Patent, entitled "Solid-State Luminaires for General Illumination." The '835 Patent issued on March 28, 2017.

22.    Brightplus purports to own the '598 Patent, entitled "Light Emitting Diode Arrays for Direct Backlighting of Liquid Crystal Displays." The '598 Patent issued on August 9, 2011.

23.    Brightplus purports to own the '796 Patent, entitled "Light Emitting Diode Arrays for Direct Backlighting of Liquid Crystal Displays." The '796 Patent issued on November 10, 2015.

24.    On or about May 31, 2022, Brightplus sent a letter to Hisense in Georgia, alleging that Hisense infringed one or more claims of each of the Asserted Patents (the "Demand Letter," which is attached as Ex. J).

25.     In the Demand Letter, Brightplus alleges that making, using, selling, and/or offering for sale the identified Hisense Relevant Products infringe one or more claims of each of the Asserted Patents.

26.     Based on the above Demand Letter, Plaintiff has a reasonable apprehension, and there exists a reasonable potential, that Brightplus will file an action against Plaintiff and allege that Plaintiff has directly infringed one or more claims of each of the Asserted Patents by making, using, selling, and/or offering for sale the Relevant Products.

27.     Plaintiff also has a reasonable apprehension, and there exists a reasonable potential, that Brightplus will file an action against Plaintiff and allege that Plaintiff has actively induced customers, distributors, or end-users to infringe one or more claims of each of the Asserted Patents by, among other things, making available to end-users the Relevant Products.

28.     Plaintiff also has a reasonable apprehension, and there exists a reasonable potential, that Brightplus will file an action against Plaintiff and allege that Plaintiff has contributed to the infringement of one or more claims of each of the Asserted Patents by, among other things, making available to end-users the Relevant Products.

29.     However: (i) Plaintiff has not infringed any claim of the Asserted Patents, (ii) the Relevant Products do not infringe any claim of the Asserted Patents, (iii) Plaintiff has not induced others to infringe any claim of the Asserted Patents, and (iv) Plaintiff has not contributed to the infringement by others of any claim of the Asserted Patents.

30.     Brightplus's meritless claims and allegations have (i) cast uncertainty over Plaintiff's businesses and the Relevant Products, (ii) injured and are injuring Plaintiff's businesses and business relationships, and (iii) created a concrete and immediate justiciable controversy between Plaintiff and Brightplus.

31.     Hisense brings this case to clear its name and to protect its customers, distributors, or end-users against Brightplus's meritless claims of infringement.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of the '812 Patent)**

32.     Plaintiff repeats, realleges, and incorporates the prior allegations of the Complaint as if fully set forth herein.

33.     Plaintiff has not infringed, induced others to infringe, or contributed to the infringement by others of any of the independent claims of the '812 Patent, or any of the claims that depend thereupon.

34.     The Relevant Products at least, by way of example, do not literally, or under the doctrine of equivalents, meet the limitation of claim 1 of the '812 Patent that requires: "the reflector sheet configured to conform to a shape of a protruding feature on the tile." (Ex. A, at col. 8, ll. 43-45). The Relevant Products do not infringe because, among other reasons, they do not include the "reflector sheet configured to conform to a shape of a protruding feature on the tile." (Ex. A, at col. 8, ll. 43-45).

35.     The claim limitation recited by the preceding paragraph is present in independent claim 1 of the '812 Patent, which Brightplus alleges Hisense's Relevant Products meet.

36.     Because the Relevant Products do not meet, literally or under the doctrine of equivalents, at least one limitation of the identified independent claim of the '812 Patent, the manufacture, use, sale, offer for sale, or importation of the Relevant Products does not infringe claim 1 of the '812 Patent.

37.     Plaintiff seeks and is entitled to a declaratory judgment that the manufacture, use, sale, offer for sale, or importation of the Relevant Products does not infringe under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '812 Patent, literally or under the doctrine of equivalents.

38.     Plaintiff seeks and is entitled to a declaratory judgment that neither it nor its customers, distributors, or end-users infringe any claim of the '812 Patent, literally or under the doctrine of equivalents.

39.     Plaintiff seeks and is entitled to a declaratory judgment that neither it nor its customers, distributors, or end-users have induced others to infringe or contributed to the infringement by others of any claim of the '812 Patent, literally or under the doctrine of equivalents.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of the '705 Patent)

40.     Plaintiff repeats, realleges, and incorporates the prior allegations of the Complaint as if fully set forth herein.

41.     Plaintiff has not infringed, induced others to infringe, or contributed to the infringement by others of any of the independent claims of the '705 Patent, or any of the claims that depend thereupon.

42.     The Relevant Products at least, by way of example, do not literally or under the doctrine of equivalents meet the limitation of claim 1 of the '705 Patent that requires: "at least one waveguide element comprising a plurality of light entry regions," "a first light-emitting source comprising a first plurality of LEDs arranged in a first strip and positioned to emit light into the at least one waveguide element at

a first light entry region of the plurality of light entry regions," and "a second light-emitting source comprising a second plurality of LEDs arranged in a second strip and positioned to emit light into the at least one waveguide element at a second light entry region of the plurality of light entry region." (Ex. B, at col. 13, ll. 36-46). The Relevant Products do not infringe because, among other reasons, they do not include the waveguide element and they do not include "a first light-emitting source comprising a first plurality of LEDs arranged in a first strip and positioned to emit light into the at least one waveguide element at a first light entry region of the plurality of light entry regions" and "a second light-emitting source comprising a second plurality of LEDs arranged in a second strip and positioned to emit light into the at least one waveguide element at a second light entry region of the plurality of light entry regions." (Ex. B, at col. 13, ll. 38-46).

43.     The claim limitation recited by the preceding paragraph is present in independent claim 1 of the '705 Patent, which Brightplus alleges Hisense's Relevant Products meet.

44.     Because the Relevant Products do not meet, literally or under the doctrine of equivalents, at least one limitation of the identified independent claim of the '705 Patent, the manufacture, use, sale, offer for sale, or importation of the Relevant Products does not infringe claim 1 of the '705 Patent.

45.   Plaintiff seeks and is entitled to a declaratory judgment that the manufacture, use, sale, offer for sale, or importation of the Relevant Products does not infringe under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '705 Patent, literally or under the doctrine of equivalents.

46.   Plaintiff seeks and is entitled to a declaratory judgment that neither it nor its customers, distributors, or end-users infringe any claim of the '705 Patent, literally or under the doctrine of equivalents.

47.   Plaintiff seeks and is entitled to a declaratory judgment that neither it nor its customers, distributors, or end-users have induced others to infringe or contributed to the infringement by others of any claim of the '705 Patent, literally or under the doctrine of equivalents.

### **THIRD CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of the '382 Patent)**

48.   Plaintiff repeats, realleges, and incorporates the prior allegations of the Complaint as if fully set forth herein.

49.   Plaintiff has not infringed, induced others to infringe, or contributed to the infringement by others of any of the independent claims of the '382 Patent, or any of the claims that depend thereupon.

50.    The Relevant Products at least, by way of example, do not literally or under the doctrine of equivalents meet the limitation of claim 1 of the '382 Patent that requires: "a second diffusion plane that is a second distance from the plurality of solid state emitters that is different from the first distance" and "the first distance is a function of the third distance." (Ex. C, at col. 8, ll. 56-58; col. 9, ll. 3-4). The Relevant Products do not infringe because, among other reasons, they do not include the "second diffusion plane that is a second distance from the plurality of solid state emitters that is different from the first distance" and "the first distance is a function of the third distance." (Ex. C, at col. 8, ll. 56-58; col. 9, ll. 3-4).

51.    The claim limitation recited by the preceding paragraph is present in independent claim 1 of the '382 Patent, which Brightplus alleges Hisense's Relevant Products meet.

52.    Because the Relevant Products do not meet, literally or under the doctrine of equivalents, at least one limitation of the identified independent claim of the '382 Patent, the manufacture, use, sale, offer for sale, or importation of the Relevant Products does not infringe claim 1 of the '382 Patent.

53.    Plaintiff seeks and is entitled to a declaratory judgment that the manufacture, use, sale, offer for sale, or importation of the Relevant Products does

not infringe under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '382 Patent, literally or under the doctrine of equivalents.

54.    Plaintiff seeks and is entitled to a declaratory judgment that neither it nor its customers, distributors, or end-users infringe any claim of the '382 Patent, literally or under the doctrine of equivalents.

55.    Plaintiff seeks and is entitled to a declaratory judgment that neither it nor its customers, distributors, or end-users have induced others to infringe or contributed to the infringement by others of any claim of the '382 Patent, literally or under the doctrine of equivalents.

**FOURTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of the '075 Patent)**

56.    Plaintiff repeats, realleges, and incorporates the prior allegations of the Complaint as if fully set forth herein.

57.    Plaintiff has not infringed, induced others to infringe, or contributed to the infringement by others of any of the independent claims of the '075 Patent, or any of the claims that depend thereupon.

58.    The Relevant Products at least, by way of example, do not literally or under the doctrine of equivalents meet the limitation of claim 1 of the '075 Patent that requires: "at least one substrate having a first side parallel to a principal plane

of the lighting panel," "a diffuser sheet between the reflector sheet and the brightness enhancement film," and "the reflector sheet, the diffuser sheet and brightness enhancement film extend and are arranged parallel to the principal plane of the lighting panel." (Ex. D, at col. 21, ll. 52-53; col. 21 ll. 66-67; col. 21, ll. 67 to col. 22, ll. 3). The Relevant Products do not infringe because, among other reasons, they do not include the first side parallel to a principal plane of the lighting panel, the diffuser sheet and the reflector sheet extends and is arranged parallel to the principal plane of the lighting panel.

59.    The claim limitation recited by the preceding paragraph is present in independent claim 1 of the '075 Patent, which Brightplus alleges Hisense's Relevant Products meet.

60.    Because the Relevant Products do not meet, literally or under the doctrine of equivalents, at least one limitation of the identified independent claim of the '075 Patent, the manufacture, use, sale, offer for sale, or importation of the Relevant Products does not infringe claim 1 of the '075 Patent.

61.    Plaintiff seeks and is entitled to a declaratory judgment that the manufacture, use, sale, offer for sale, or importation of the Relevant Products does not infringe under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '075 Patent, literally or under the doctrine of equivalents.

62.   Plaintiff seeks and is entitled to a declaratory judgment that neither it nor its customers, distributors, or end-users infringe any claim of the '075 Patent, literally or under the doctrine of equivalents.

63.   Plaintiff seeks and is entitled to a declaratory judgment that neither it nor its customers, distributors, or end-users have induced others to infringe or contributed to the infringement by others of any claim of the '075 Patent, literally or under the doctrine of equivalents.

## FIFTH CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of the '710 Patent)

64.   Plaintiff repeats, realleges, and incorporates the prior allegations of the Complaint as if fully set forth herein.

65.   Plaintiff has not infringed, induced others to infringe, or contributed to the infringement by others of any of the independent claims of the '710 Patent, or any of the claims that depend thereupon.

66.   The Relevant Products at least, by way of example, do not literally or under the doctrine of equivalents meet the limitation of claim 1 of the '710 Patent that requires: "a control system configured to receive a user input and to selectively provide control signals to the current supply circuit responsive to the user input to selectively drive the plurality of strings." (Ex. E, col. 17, ll. 59-62). The Relevant

Products do not infringe because, among other reasons, they do not include a control system configured to receive a user input and to selectively provide control signals to the current supply circuit responsive to the user input to selectively drive the plurality of strings.

67.   The claim limitation recited by the preceding paragraph is present in independent claim 1 of the '710 Patent, which Brightplus alleges Hisense's Relevant Products meet.

68.   Because the Relevant Products do not meet, literally or under the doctrine of equivalents, at least one limitation of the identified independent claim of the '710 Patent, the manufacture, use, sale, offer for sale, or importation of the Relevant Products does not infringe claim 1 of the '710 Patent.

69.   Plaintiff seeks and is entitled to a declaratory judgment that the manufacture, use, sale, offer for sale, or importation of the Relevant Products does not infringe under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '710 Patent, literally or under the doctrine of equivalents.

70.   Plaintiff seeks and is entitled to a declaratory judgment that neither it nor its customers, distributors, or end-users infringe any claim of the '710 Patent, literally or under the doctrine of equivalents.

71.     Plaintiff seeks and is entitled to a declaratory judgment that neither it nor its customers, distributors, or end-users have induced others to infringe or contributed to the infringement by others of any claim of the '710 Patent, literally or under the doctrine of equivalents.

## SIXTH CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of the '331 Patent)**

72.     Plaintiff repeats, realleges, and incorporates the prior allegations of the Complaint as if fully set forth herein.

73.     Plaintiff has not infringed, induced others to infringe, or contributed to the infringement by others of any of the independent claims of the '331 Patent, or any of the claims that depend thereupon.

74.     The Relevant Products at least, by way of example, do not literally or under the doctrine of equivalents meet the limitation of claim 17 of the '331 Patent that requires: "a lighting panel including at least first and second strings of solid state lighting devices that are respectively configured to emit at least a first light and a second light, respectively" and "a pulse width modulation (PWM) controller that is coupled to the first current supply circuit and the second current supply circuit and that is configured to generate, for each of the first current supply circuit and the second current supply circuit, a first PWM control signal and a second PWM control

signal that are supplied to the each of the at least first and second strings." (Ex. F, at col. 17, ll. 18-21; col. 17, ll. 27-33). The Relevant Products do not infringe because, among other reasons, they do not include "first and second strings of solid state lighting devices that are respectively configured to emit at least a first light and a second light, respectively" and they do not include "a pulse width modulation (PWM) controller" which "is configured to generate, for each of the first current supply circuit and the second current supply circuit, a first PWM control signal and a second PWM control signal." (Ex. F, at col. 17, ll. 18-21; col. 17, ll. 27; col. 17, ll. 29-32).

75.     The claim limitation recited by the preceding paragraph is present in independent claim 17 of the '331 Patent, which Brightplus alleges Hisense's Relevant Products meet.

76.     Because the Relevant Products do not meet, literally or under the doctrine of equivalents, at least one limitation of the identified independent claim of the '331 Patent, the manufacture, use, sale, offer for sale, or importation of the Relevant Products does not infringe claim 17 of the '331 Patent.

77.     Plaintiff seeks and is entitled to a declaratory judgment that the manufacture, use, sale, offer for sale, or importation of the Relevant Products does

not infringe under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '331 Patent, literally or under the doctrine of equivalents.

78.    Plaintiff seeks and is entitled to a declaratory judgment that neither it nor its customers, distributors, or end-users infringe any claim of the '331 Patent, literally or under the doctrine of equivalents.

79.    Plaintiff seeks and is entitled to a declaratory judgment that neither it nor its customers, distributors, or end-users have induced others to infringe or contributed to the infringement by others of any claim of the '331 Patent, literally or under the doctrine of equivalents.

## SEVENTH CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of the '835 Patent)

80.    Plaintiff repeats, realleges, and incorporates the prior allegations of the Complaint as if fully set forth herein.

81.    Plaintiff has not infringed, induced others to infringe, or contributed to the infringement by others of any of the independent claims of the '835 Patent, or any of the claims that depend thereupon.

82.    The Relevant Products at least, by way of example, do not literally or under the doctrine of equivalents meet the limitation of claim 1 of the '835 Patent that requires: "at least one substrate having a first side parallel to a principal plane

of the lighting panel" and "a generally planar diffuser sheet between the reflector and the brightness enhancement film." (Ex. G, at col. 22, ll. 34-35; col. 22, ll. 48-49). The Relevant Products do not infringe because, among other reasons, they do not include the first side parallel to a principal plane of the lighting panel and the generally planar diffuser sheet.

83.     The claim limitation recited by the preceding paragraph is present in independent claim 1 of the '835 Patent, which Brightplus alleges Hisense's Relevant Products meet.

84.     Because the Relevant Products do not meet, literally or under the doctrine of equivalents, at least one limitation of the identified independent claim of the '835 Patent, the manufacture, use, sale, offer for sale, or importation of the Relevant Products does not infringe claim 1 of the '835 Patent.

85.     Plaintiff seeks and is entitled to a declaratory judgment that the manufacture, use, sale, offer for sale, or importation of the Relevant Products does not infringe under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '835 Patent, literally or under the doctrine of equivalents.

86.     Plaintiff seeks and is entitled to a declaratory judgment that neither it nor its customers, distributors, or end-users infringe any claim of the '835 Patent, literally or under the doctrine of equivalents.

87.    Plaintiff seeks and is entitled to a declaratory judgment that neither it nor its customers, distributors, or end-users have induced others to infringe or contributed to the infringement by others of any claim of the '835 Patent, literally or under the doctrine of equivalents.

### EIGHTH CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of the '598 Patent)**

88.    Plaintiff repeats, realleges, and incorporates the prior allegations of the Complaint as if fully set forth herein.

89.    Plaintiff has not infringed, induced others to infringe, or contributed to the infringement by others of any of the independent claims of the '598 Patent, or any of the claims that depend thereupon.

90.    The Relevant Products at least, by way of example, do not literally or under the doctrine of equivalents meet the limitation of claim 43 of the '598 Patent that requires: "a front face comprising a planar array of liquid crystal display (LCD) devices" and "wherein the at least one solid block comprises a plurality of solid block tiles that are arranged in an array that is congruent to the planar array of LCD devices." (Ex. H, at col. 13, ll. 35-36; col. 13, ll. 43-45). The Relevant Products do not infringe because, among other reasons, they do not include at least one solid

block comprises a plurality of solid block tiles that are arranged in an array that is congruent to the planar array of LCD devices.

91.    The claim limitation recited by the preceding paragraph is present in independent claim 43 of the '598 Patent, which Brightplus alleges Hisense's Relevant Products meet.

92.    Because the Relevant Products do not meet, literally or under the doctrine of equivalents, at least one limitation of the identified independent claim of the '598 Patent, the manufacture, use, sale, offer for sale, or importation of the Relevant Products does not infringe claim 43 of the '598 Patent.

93.    Plaintiff seeks and is entitled to a declaratory judgment that the manufacture, use, sale, offer for sale, or importation of the Relevant Products does not infringe under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '598 Patent, literally or under the doctrine of equivalents.

94.    Plaintiff seeks and is entitled to a declaratory judgment that neither it nor its customers, distributors, or end-users infringe any claim of the '598 Patent, literally or under the doctrine of equivalents.

95.    Plaintiff seeks and is entitled to a declaratory judgment that neither it nor its customers, distributors, or end-users have induced others to infringe or

contributed to the infringement by others of any claim of the '598 Patent, literally or under the doctrine of equivalents.

## NINTH CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of the '796 Patent)

96.    Plaintiff repeats, realleges, and incorporates the prior allegations of the Complaint as if fully set forth herein.

97.    Plaintiff has not infringed, induced others to infringe, or contributed to the infringement by others of any of the independent claims of the '796 Patent, or any of the claims that depend thereupon.

98.    The Relevant Products at least, by way of example, do not literally or under the doctrine of equivalents meet the limitation of claim 45 of the '796 Patent that requires: "the plurality of solid metal block tiles being connected end-to-end in the flat panel, the plurality of solid metal block tiles including mating surfaces therebetween" and "wherein the second face includes therein a plurality of metal heat sink fins." (Ex. I, at col. 12, ll. 67 to col. 13, ll. 3; col. 13, ll. 31-32). The Relevant Products do not infringe because, among other reasons, the plurality of solid metal block tiles is not being connected end-to-end, the solid metal block tiles are separated, and the solid metal block tiles do not include mating surfaces therebetween the second face do not include metal heat sink fins.

99.   The claim limitation recited by the preceding paragraph is present in independent claim 45 of the '796 Patent, which Brightplus alleges Hisense's Relevant Products meet.

100.   Because the Relevant Products do not meet, literally or under the doctrine of equivalents, at least one limitation of the identified independent claim of the '796 Patent, the manufacture, use, sale, offer for sale, or importation of the Relevant Products does not infringe claim 45 of the '796 Patent.

101.   Plaintiff seeks and is entitled to a declaratory judgment that the manufacture, use, sale, offer for sale, or importation of the Relevant Products does not infringe under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '796 Patent, literally or under the doctrine of equivalents.

102.   Plaintiff seeks and is entitled to a declaratory judgment that neither it nor its customers, distributors, or end-users infringe any claim of the '796 Patent, literally or under the doctrine of equivalents.

103.   Plaintiff seeks and is entitled to a declaratory judgment that neither it nor its customers, distributors, or end-users have induced others to infringe or contributed to the infringement by others of any claim of the '796 Patent, literally or under the doctrine of equivalents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment in its favor and against Brightplus as follows:

104.   For judgment that Plaintiff and its customers, distributors, or end-users do not infringe and have not infringed under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the Asserted Patents;

105.   For judgment that the Relevant Products do not infringe and have not infringed under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the Asserted Patents;

106.   To enjoin Brightplus and its officers or employees from: (1) alleging that Plaintiff or its customers, distributors, or end-users infringe any claim of the Asserted Patents; (2) taking any action to suggest that Plaintiff or its customers, distributors, or end-users require a license from Brightplus for any claim of the Asserted Patents; or (3) pursuing or continuing to pursue infringement actions against Plaintiff or its customers, distributors, or end-users based on the manufacture, use, sale, or offer for sale, or importation of the Relevant Products;

107.   For costs and reasonable attorneys' fees incurred in connection with this action; and

108.   For such other and further relief as the Court deems just.

26

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable in this Complaint.


 Dated: July 14, 2022

Respectfully submitted,

*/s/ Andrew N. Saul*
Andrew N. Saul (Ga Bar No. 627607)
Kilpatrick Townsend & Stockton LLP
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
404.815.6585 (telephone)
404.541.4632 (fax)
asaul@kilpatricktownsend.com

Of Counsel
Matias Ferrario
(*pro hac vice pending*)
Kilpatrick Townsend & Stockton LLP
1001 West Fourth Street
Winston-Salem, NC 27101
336.607.7475 (telephone)
336.734.2651 (fax)
mferrario@kilpatricktownsend.com

Edward J. Mayle
(*pro hac vice pending*)
Kilpatrick Townsend & Stockton LLP
1400 Wewatta St., Suite 600
Denver, CO 80202
303.607.3368 (telephone)
303.265.9618 (fax)
tmayle@kilpatricktownsend.com