## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| HISENSE USA CORPORATION,<br><br>           Plaintiff,<br><br>v.<br><br>BRIGHTPLUS VENTURES LLC,<br><br>           Defendant. | Civil Action No.: 1:22-cv-02774-TCB<br><br>**Jury Trial Demanded** |
| BRIGHTPLUS VENTURES LLC,<br><br>     Counter-Claim Plaintiff<br><br>v.<br><br>HISENSE USA CORPORATION,<br>HISENSE CO. LTD., HISENSE<br>INTERNATIONAL (HK) CO. LTD.,<br>HISENSE VISUAL TECHNOLOGY<br>CO., LTD., and TVS REGZA<br>CORPORATION,<br><br>     Counter-Claim Defendants. | Civil Action No.: 1:22-cv-02774-TCB<br><br>**Jury Trial Demanded** |

## PROTECTIVE ORDER

WHEREAS, Counter-Claim Plaintiff Brightplus Ventures LLC and

Counter-Claim Defendants Hisense USA Corporation, Hisense Co. Ltd., Hisense

International (HK) Co. Ltd., Hisense Visual Technology Co., Ltd. and TVS Regza

Corporation, hereafter referred collectively to as "the Parties," believe that certain

information that is or will be encompassed by discovery demands by the Parties

involves the production or disclosure of trade secrets, confidential business

information, or other proprietary information

WHEREAS, the Parties seek a protective order limiting disclosure thereof in

accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.    Each Party may designate as confidential for protection under this Order, in

whole or in part, any document, information or material that constitutes or

includes, in whole or in part, confidential or proprietary information or trade

secrets of the Party or a Third Party to whom the Party reasonably believes

it owes an obligation of confidentiality with respect to such document,

information or material ("Protected Material").  Protected Material shall be

designated by the Party producing it by affixing a legend or stamp on such

document, information or material as follows: "CONFIDENTIAL."  The

word "CONFIDENTIAL" shall be placed clearly on each page of the

Protected Material (except deposition and hearing transcripts) for which

such protection is sought. For deposition and hearing transcripts, the word

"CONFIDENTIAL" shall be placed on the cover page of the transcript (if

not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2.  Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.  With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

documents marked as exhibits or for identification in depositions and

hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings;

(d) affidavits; and (e) stipulations.  All copies, reproductions, extracts,

digests and complete or partial summaries prepared from any

DESIGNATED MATERIALS shall also be considered DESIGNATED

MATERIAL and treated as such under this Order.

4.   A designation of Protected Material (i.e., "CONFIDENTIAL,"

"RESTRICTED -ATTORNEYS' EYES ONLY," or "RESTRICTED

CONFIDENTIAL SOURCE CODE") may be made at any time.

Inadvertent or unintentional production of documents, information or

material that has not been designated as DESIGNATED MATERIAL shall

not be deemed a waiver in whole or in part of a claim for confidential

treatment. Any party that inadvertently or unintentionally produces

Protected Material without designating it as DESIGNATED MATERIAL

may request destruction of that Protected Material by notifying the

recipient(s), as soon as reasonably possible after the producing Party

becomes aware of the inadvertent or unintentional disclosure, and providing

replacement Protected Material that is properly designated. The recipient(s)

shall then destroy all copies of the inadvertently or unintentionally produced

Protected Materials and any documents, information or material derived from or based thereon.

5.   "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

(a) outside counsel of record in this Action for the Parties;

(b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d) up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the

other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that:  1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; 2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert and a list of the cases in which the consultant or expert has testified at deposition or trial within the last three (3) years; and 3) access to the Protected Material may be given to that consultant ten (10) days after serving the Undertaking and other required information provided herein upon the receiving Party unless the receiving Party objects in writing to the disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good

faith to resolve any such objection.  If the Parties are unable to resolve

any objection, the objecting Party may file a motion with the Court

within fifteen (15) days of the notice, or within such other time as the

Parties may agree, seeking a protective order with respect to the

proposed disclosure. The objecting Party shall have the burden of

proving the need for a protective order. No disclosure shall occur until

all such objections are resolved by agreement or Court order;

(f) independent litigation support services, including persons working for or

as court reporters, graphics or design services, jury or trial consulting

services, and photocopy, document imaging, and database services

retained by counsel and reasonably necessary to assist counsel with the

litigation of this Action; and

(g) the Court and its personnel.

6.   A Party shall designate documents, information or material as

"CONFIDENTIAL" only upon a good faith belief that the documents,

information or material contains confidential or proprietary information or

trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.  Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action, and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.  To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED – ATTORNEYS' EYES

ONLY," or to the extent such Protected Material includes computer source code ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9.  For Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-c) and (e-g); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

10. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a) "Source Code Material" means computer code, scripts, assembly code, binaries, object code, source code listings and transcriptions of source code, object code listings and transcriptions of object code, netlists, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, mask data design and fabrication computer files stored in a "GDS" or related file format, process-flow documents related to the fabrication of

circuit boards, and other documents that provide the same definition or detailed description of the algorithms or structures of software or hardware designs;

(b) Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet).   The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10 (k and n) below. Additionally, except as provided in paragraph 10(n) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel;

(c) The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. on business days (i.e., weekdays that are not Federal holidays). However, upon reasonable notice from the receiving party, the

producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(d) Prior to the fist inspection of any requested Source Code, the Parties agree to meet and confer regarding the review and production of Source Code. Further, the receiving Party shall provide seven (7) days' notice for its initial review of any Source Code that it wishes to inspect. The receiving Party shall provide three (3) days' notice prior to any additional inspections. Any party inspecting source code will follow any reasonable COVID-related protocols implemented by the office in which the code is being made available, with the COVID-related protocols not preventing or restricting multiple visitors from reviewing source code in a single room;

(e) The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(f) The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(g) No recordable media or recordable devices, including without limitation sound recorders, personal digital assistants (PDAs), cellular telephones, peripheral equipment, cameras, voice recorders, Dictaphones, telephone jacks, CDs, DVDs, or drives of any kind (e.g., USB memory sticks and portable hard drives), shall be permitted into the Source Code review room. No non-electronic devices capable of similar functionality shall be permitted in the Source Code review room. A notepad and pen, as well as the "note taking computer" described in paragraph 10(p) below, shall be permitted in the Source Code review room;

(h) Access to Protected Material designated RESTRICTED

CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel

and up to three (3) outside consultants or experts[2] (*i.e.*, not existing

employees or affiliates of a Party or an affiliate of a Party) retained for

the purpose of this litigation and approved to access such Protected

Materials pursuant to paragraph 5(e) above. A receiving Party may

include excerpts of Source Code Material in a pleading, exhibit, expert

report, discovery document, deposition transcript, other Court document,

provided that the Source Code Documents are appropriately marked

under this Order, restricted to those who are entitled to have access to

them as specified herein, and, if filed with the Court, filed under seal in

accordance with the Court's rules, procedures and orders;

(i) To the extent portions of Source Code Material are quoted in a Source

Code Document, either (1) the entire Source Code Document will be

stamped and treated as RESTRICTED CONFIDENTIAL SOURCE

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(j) Except as set forth in paragraph 10(n) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(k) The receiving Party shall be permitted to make no more than four (4) additional paper copies of any portion of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied;

(l) The receiving Party may request printing of limited portions of the Source Code to the extent that the code is reasonably necessary to prepare its case and is relevant to the functionality identified in the

infringement or invalidity contentions served pursuant to the Docket Control Order in this action. The printed pages shall be collected by the producing Party. The producing Party shall Bates number, copy, and label "RESTRICTED CONFIDENTIAL SOURCE CODE" any pages requested by the receiving Party. Within three (3) days, the producing Party shall either (i) provide one copy set of such pages to the receiving Party or (ii) inform the receiving Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. If, after meeting and conferring, the producing Party and the receiving Party cannot resolve the objection, the producing Party may seek protection from the Court. While the dispute is pending before the Court, the producing Party may retain the Source Code that the producing Party objected to producing;

(m)    No copies of all or any portion of the Source Code Material may leave the room in which the Source Code Material is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. Upon written request at least five (5) business days in advance, the

producing Party shall make the Source Code Material available for use at depositions;

(n) If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(o) A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph

10(e) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

(p) The Receiving Party shall be entitled to take notes (electronic or non-electronic) relating to the Source Code. To the extent the Receiving Party desires to take notes electronically, the Producing Party shall provide a note-taking computer (e.g., a computer, which is distinct from the standalone computer, that is not linked to any network, including a local area network ("LAN"), an intranet or the Internet, and has image making functionality of any type disabled, including but not limited to camera or video functionality) ("note-taking computer") with a current,

widely used word processing program in the Source Code review room

for the Receiving Party's use in taking such notes. The "note-taking

computer" shall be used for the sole purpose of note-taking and shall be

retained by the Producing Party. Such notes shall be downloaded to a

removable disk or drive by the Producing Party for the Receiving Party

to retain, and the computer cleared of such notes. The laptop computer

shall have no features which would hinder the complete clearing of the

Receiving Party's notes after such notes have been downloaded. Any

such notes shall not include copies or reproductions of portions of the

source code; however, the notes may contain filenames, directory names,

module names, class names, parameter names, variable names, function

names, method names, or procedure names. No copies of all or any

portion of the source code may leave the room in which the source code

is inspected except as otherwise provided herein. Further, no other

written or electronic record of the source code is permitted except as

otherwise provided herein. No notes shall be made or stored on the

inspection computer, or left behind at the site where the inspection

computer is made available, and any such notes shall be deleted or

destroyed by the producing Party, without reviewing the substance of the

notes, upon discovery. Notwithstanding the foregoing, any such notes

shall be stamped and treated as "RESTRICTED CONFIDENTIAL

SOURCE CODE."

11.    Any attorney representing a Party, whether in-house or outside counsel, and

any person associated with a Party and permitted to receive the other

Party's Protected Material that is designated CONFIDENTIAL,

RESTRICTED – ATTORNEYS' EYES ONLY and/or RESTRICTED

CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE

MATERIAL"), who obtains, receives, has access to, or otherwise learns, in

whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL

under this Order shall not prepare, prosecute, supervise, or assist in the

preparation or prosecution of any patent application pertaining to the field

of the invention of the patents-in-suit on behalf of the receiving Party or its

acquirer, successor, predecessor, or other affiliate during the pendency of

this Action and for one year after its conclusion, including any appeals. To

ensure compliance with the purpose of this provision, each Party shall

create an "Ethical Wall" between those persons with access to HIGHLY

SENSITIVE MATERIAL and any individuals who, on behalf of the Party

or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute,

supervise or assist in the preparation or prosecution of any patent

application pertaining to the field of invention of the patent-in-suit. These

prohibitions shall not preclude Counter-Claim Plaintiff's litigation counsel

from participating in any *inter partes* review, PGR, or re-examination

proceedings, provided that Counter-Claim Plaintiff's litigation counsel may

not participate in, assist, or supervise the drafting or amending of claims or

claim language.  These prohibitions shall begin when the HIGHLY

SENSITIVE MATERIALS are first accessed or learned by the affected

individual, and shall end one (1) year after the settlement and/or dismissal

of the producing Party Counter-Claim Defendant from this Action or the

final non-appealable termination of this Action.

12.  Nothing in this Order shall require production of documents, information or

other material that a Party contends is protected from disclosure by the

attorney-client privilege, the work product doctrine, or other privilege,

doctrine, or immunity.  If documents, information or other material subject

to a claim of attorney-client privilege, work product doctrine, or other

privilege, doctrine, or immunity is inadvertently or unintentionally

produced, such production shall in no way prejudice or otherwise constitute

a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition

or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or

hearing transcript or any portion thereof as "CONFIDENTIAL,"

"RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED

CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the

deposition or hearing transcript so designated shall be limited in accordance

with the terms of this Order.  Until expiration of the 30-day period, the

entire deposition or hearing transcript shall be treated as RESTRICTED –

ATTORNEYS' EYES ONLY.

16.    Any DESIGNATED MATERIAL that is filed with the Court shall be filed

under seal and shall remain under seal until further order of the Court. The

filing party shall be responsible for informing the Clerk of the Court that the

filing should be sealed and for placing the legend "FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER" above the caption and

conspicuously on each page of the filing. Exhibits to a filing shall conform

to the labeling requirements set forth in this Order. If a pretrial pleading

filed with the Court, or an exhibit thereto, discloses or relies on

CONFIDENTIAL documents, information or material, such

CONFIDENTIAL portions shall be redacted to the extent necessary and the

pleading or exhibit filed publicly with the Court.

17.     The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

18.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by

counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

20.    To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21.    To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents,

information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22.    Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda or work-product of the Parties and materials which have been admitted into evidence in this Action), shall at the receiving Party's election either be returned to the producing Party or be destroyed.  No copies shall be retained by a receiving Party or other individuals retained to assist them in this litigation, except that counsel may retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain DESIGNATED MATERIAL. Any such archival copies that contain or constitute DESIGNATED MATERIAL remain subject to this Order. The language contained in this paragraph shall not preclude counsel from retaining documents and/or communications constituting attorney work product as defined by applicable law, or from retaining one copy of all such

attorney work product documents as part of a permanent litigation file that is otherwise subject to the confidentiality restrictions set forth herein. The receiving Party shall verify the return or destruction in writing to the producing Party.

23.  The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not waive any such designation provided that the producing Party notifies all receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the producing Party learning of the inadvertent failure to designate. The producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the receiving Parties shall return or securely destroy, at the producing Party's option, all Discovery Material that was not designated properly. A receiving Party shall not be in breach of this Order for any use of such Discovery Material before the receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would

have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order. Once a receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

24. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim

the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

SO ORDERED, this ___ day of January 2023.

_____
TIMOTHY C. BATTEN, SR.
Chief United States District Judge

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| HISENSE USA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BRIGHTPLUS VENTURES LLC,<br><br>Defendant. | Civil Action No.: 1:22-cv-02774-TCB<br><br>**Jury Trial Demanded** |
| BRIGHTPLUS VENTURES LLC,<br><br>Counter-Claim Plaintiff<br><br>v.<br><br>HISENSE USA CORPORATION,<br>HISENSE CO. LTD., HISENSE<br>INTERNATIONAL (HK) CO. LTD.,<br>HISENSE VISUAL TECHNOLOGY<br>CO., LTD., and TVS REGZA<br>CORPORATION,<br><br>Counter-Claim Defendants. | Civil Action No.: 1:22-cv-02774-TCB<br><br>**Jury Trial Demanded** |

**APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1.     My address is

1

_____. My

current employer is

_____. My current

occupation is _____.

2.     I have received a copy of the Protective Order in this action.  I have carefully

read and understand the provisions of the Protective Order.

3.     I will comply with all of the provisions of the Protective Order.  I will hold in

confidence, will not disclose to anyone not qualified under the Protective

Order, and will use only for purposes of this action any information designated

as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or

"RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.     Promptly upon termination of these actions, I will return all documents and

things designated as        "CONFIDENTIAL," "RESTRICTED --

ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL

SOURCE CODE" that came into my possession, and all documents and things

that I have prepared relating thereto, to the outside counsel for the party by

whom I am employed.

5.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement

of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature

_____

Date _____.